**Robert J. ALBANESE**

v.

**PROVIDENCE POLICE DEPARTMENT and Leo Skenyon.**

No. 97–11–M.P..

Supreme Court of Rhode Island.

May 26, 1998.

Robert J. Albanese, Pro Se, Kevin A. McKenna, Providence.

Richard G. Riendeau, J. Ryder Kenney, Providence.

**ORDER**

This case came before a hearing panel of this Court on May 19, 1998, pursuant to an order directing the parties to appear and show cause why the issues raised in the petition for certiorari should not be summarily decided.

After hearing the arguments of counsel and reviewing their memoranda, we are of the opinion that cause has not been shown and that the issues in the petition will be decided at this time.

The petitioner, Robert J. Albanese (Albanese), pro se, has petitioned this Court to review a bench decision entered by an appeal panel of the Administrative Adjudication Court that affirmed the imposition of fines by a trial judge in that court. The fines were imposed on charges that Albanese had operated an unregistered motor vehicle on November 23, 1995 in violation of R.I.G.L. § 31–3–1 and had done so without having the

required financial security called for in R.I.G.L. § 31–47–9.

Albanese asserts in his petition that the trial judge and the appellate panel both misconstrued the clear statutory intendment regarding the state's burden of proof. He contends, and the record supports that contention, that he questioned the trial judge concerning the absence of any prosecution witnesses being present and the state's burden of proof. His questions to the trial judge evoked no pertinent response. Albanese then attempted to explain to the trial judge that on the day in question he was negotiating the purchase of a motor vehicle from a private party, Anthony Salvadore, of 900 Boston Neck Road, and had been permitted by Salvadore to test drive the vehicle before purchasing it. The vehicle apparently had proper license plates attached, both front and rear, and Albanese told the trial judge that he had no knowledge whatsoever that the vehicle was not properly registered and was not insured when he was test driving it.[1]

The trial judge's response to that explanation was "Forget Salvadore" and next in question form "So you do not have any private insurance" to which Albanese replied "I don't have any private insurance." Then immediately followed the trial judge's decision, absent any mention of prosecution evidence and without any factual findings. "The insurance charge is $500. and costs. No suspension of your license. Unregistered motor vehicle is $70.00 and costs."

Albanese duly claimed his appeal to the Administrative Adjudication Court appeals panel. He there persisted in his contention that he had no knowledge whatever that the vehicle that he had been simply test driving was not properly registered or insured at the time and that the state had not carried its burden of proof to show by clear and convincing evidence that he did have or should have had such knowledge.

We have reviewed both the record of the proceedings before the trial judge and the Appeals Panel. We need go no further nor say anything more.

The petition for certiorari is granted. The decision of the Appeals Panel is quashed. The papers in this case may be remanded to the Administrative Adjudication Court with our decision endorsed thereon and with no directions to dismiss the two charges in question.

LEDERBERG and GOLDBERG, JJ., did not participate.

---

1. Both statutes upon which the charges against Albanese are based require that Albanese *"knowingly"* committed the prohibited conduct, and require the state to prove that knowledge by clear and convincing evidence. G.L. §§ 31–3–1; 31–47–9.

    G.L. 31–43–3 Administrative Adjudication Court, Hearings.

"(a) Every hearing for the adjudication of a traffic infraction as provided by this chapter, shall be held before a judge of this court. The burden of proof shall be upon the state, and no charge may be established except by clear and convincing evidence * * *."